Vilia B. Hayes (509039)
Robb W. Patryk (508020)
Charles W. Cohen (510453)
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004-1482
(212) 837-6000

*Attorneys for Defendant Merck & Co., Inc.*

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| TERRIE J. WATKINS, | ) | Case No. _____ |
| Plaintiff, | ) ) | |
| v. | ) ) | DEFENDANT'S |
| MERCK & CO., INC., | ) ) | NOTICE OF REMOVAL |
| Defendant. | ) ) | |

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446 Defendant Merck

& Co., Inc. ("Merck") hereby gives notice that the above-captioned action, Index No. 35798/07,

pending in the New York State Supreme Court for the County of Tioga is hereby removed to the

United States District Court for the Northern District of New York. In support of removal,

Merck respectfully states to the Court the following:

### THE FOSAMAX® MULTIDISTRICT LITIGATION

1.      This action involves allegations regarding the prescription medication

FOSAMAX®. On August 16, 2006, the Judicial Panel on Multidistrict Litigation ("MDL

Panel") issued an order transferring 18 FOSAMAX® products liability cases to the United States

District Court for the Southern District of New York (Keenan, J.) for coordinated pretrial

proceedings under 28 U.S.C. § 1407. *In re Fosamax Products Liability Litigation*, MDL No.

1789. Processes for quickly sending additional related cases to Judge Keenan have been set in place. As of this date, the MDL Panel has issued 21 Conditional Transfer Orders requiring the transfer of an additional 66 actions to MDL 1789, where a total of 151 cases are now pending, including both the transferred cases and cases filed directly in the transferee court. Merck will seek the transfer of this action to MDL-1789, and will in the next week provide the MDL Panel notice of this action pursuant to the "tag-along" procedure contained in the MDL Rules.

2.      Plaintiff acknowledges in the Complaint that it is appropriate to remove this case, to transfer this case to the Fosamax MDL Proceedings, and to stay this case pending transfer. (Complaint ¶ 12.)

### GROUNDS FOR REMOVAL

3.      On or about May 7, 2007, Plaintiff Terrie J. Watkins commenced this action entitled *Watkins v. Merck & Co., Inc.,* Index No. 35798/07, against Merck in the New York State Supreme Court for the County of Tioga.

4.      For the reasons set forth in more detail below, this Court should assume jurisdiction over this action pursuant to 28 U.S.C. § 1332 because this matter is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states.

## I.    MERCK HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

5.      Plaintiff filed her Complaint in the New York State Supreme Court for the County of Tioga on or about May 7, 2007. Merck was served on or about May 14, 2007. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

6.      No further proceedings have been had in this action.

7.    Venue is proper in this Court because it is "the district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).  Therefore, this action is properly removed to the Northern District of New York pursuant to 28 U.S.C. § 112(a).

8.    Merck is the only defendant in this action.  Hence, all defendants join in this removal.

9.    No previous application has been made for the relief requested herein.

10.    Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders received by Merck, which include the Complaint, are attached hereto as Exhibit A.

11.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the New York State Supreme Court for the County of Tioga.

## II.    REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

12.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states.

### A.    The amount in controversy requirement is satisfied.

13.    It is apparent from the face of the Complaint that Plaintiff seeks recovery of an amount in excess of $75,000, exclusive of costs and interest.

14.    Plaintiff explicitly alleges that she is entitled to "damages in excess of $75,000 exclusive of interests and costs." (Complaint ¶ 11.)  Plaintiff alleges that, as a result of ingesting FOSAMAX®, she "ha[s] suffered and continue[s] to suffer severe and permanent injuries, including osteonecrosis of the jaw," and that "[o]steonecrosis of the jaw is a serious medical event and can result in severe disability and death." (Complaint ¶¶ 3, 4.)  Plaintiff claims that, as

NY 1161419_1.DOC                                    3

a result of using FOSAMAX®, she "has been permanently and severely injured," "requires and will require ongoing medical care and treatment," and has suffered "pain, mental anguish and other injuries." (Complaint ¶¶ 9-10.) Plaintiff seeks compensatory and punitive damages. (Complaint ¶ 10.)

15.    While there is no record of prior cases that specifically involve osteonecrosis of the jaw – a fact which may be attributable to the fact that osteonecrosis of the jaw is a rare disorder and cases alleging liability against pharmaceutical manufacturers for allegedly causing the same had, prior to very recently, been non-existent – there are:

- numerous reported cases in which jaw or similar facial injury led to jury or court awards far in excess of $75,000. *See, e.g., Howie v. Walsh*, 609 S.E.2d 249 (N.C. App. 2005) (addressing jury award of $300,000 against dentist who fractured patient's jaw during procedure); *Becker v. Woods*, 806 N.Y.S.2d 704 (N.Y. App. Div. 2005) (affirming jury award of $840,000 in damages where dental patient suffered from permanent paresthesia); *Preston v. Dupont*, 35 P.3d 433 (Colo. 2001) (affirming jury award of more than $250,000 for damage to alveolar nerve in jaw); *Bowers v. Liuzza*, 769 So.2d 88 (La. App.), *writ. denied*, 776 So.2d 468 (La. 2000) (finding that minimum adequate damage award for alveolar nerve damage in jaw was an amount that exceeded $175,000); *Becker v. Halliday*, 554 N.W. 2d 67 (Mich. App. 1996) (jury award of $200,000 in damages, where syringe lodged in upper jaw); *Herpin v. Witherspoon*, 664 So.2d 515 (La. App. 1995) (plaintiff entitled to receive more than $75,000 for maltreatment of temporomandibular joint (TMJ) dysfunction); *Washburn v. Holbrook*, 806 P.2d 702 (Or. App. 1991) (affirming jury finding of $400,000 in damages as a result of damage to jaw during root canal); and

- numerous prior cases that reveal that potential awards based on osteonecrosis or avascular necrosis of the hip, knee, or other joint, exceed the $75,000 jurisdictional amount. *See, e.g., Barbee v. U.S.*, 2005 W.L. 3336504, at *1-2 (W.D. Wis. 2005) (finding that plaintiff suffered nearly $700,000 in damages for hip injuries that included avascular necrosis); *Shaver v. U.S.*, 319 F.Supp. 2d 649 (M.D.N.C. 2004) (awarding more than $75,000 in damages for osteonecrosis in knee caused by automobile accident); *Piselli v. 75th Street Medical*, 808 A.2d 508 (Md. 2002) (addressing jury award of $410,000 for medical malpractice that led to avascular necrosis of the hip); *Collier v. Cawthon*, 570 S.E.2d 53 (Ga. App. 2002) (affirming jury award of $170,000 for avascular necrosis of the hip).

16.     Plaintiff's claims of "permanent and severe injury" as a result of osteonecrosis, and the compensatory and punitive damages that she seeks, thus far exceed this Court's minimum $75,000 jurisdictional limit.

**B.     There is complete diversity between the parties.**

17.     According to the Complaint, Plaintiff was at the time of the filing of the Complaint and is now a citizen of New York.[1]

18.     Merck is now, and was at the time Plaintiff commenced this action, a corporation organized under the laws of the State of New Jersey with its principal place of business in New Jersey and, therefore, is a citizen of New Jersey for purposes of determining diversity. 28 U.S.C. § 1332(c)(1). (Complaint ¶ 14.)

---

1. Upon information and belief, Plaintiff is a resident of New York. (Compl. ¶ 13.) Plaintiff alleges no alternative state of residence. Accordingly, New York is the state in which Plaintiff is domiciled and, therefore, the state of which she is a citizen. *See* 28 U.S.C. § 1332(a); *see also Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998) ("[f]or purposes of diversity jurisdiction, a party's citizenship depends on his domicile.").

19.    Hence, there is complete diversity between the parties, and this court has subject matter jurisdiction under 28 U.S.C. § 1332.

20.    In addition, none of the defendants is a citizen of the state in which this action was brought.  Under the clear language of 28 U.S.C. § 1441(b), this action is properly removed to this Court by Merck.

WHEREFORE, Defendant Merck respectfully removes this action from the New York State Supreme Court for the County of Tioga to this Court pursuant to 28 U.S.C. § 1441.

Dated:  May 3/, 2007

Respectfully submitted,

HUGHES HUBBARD & REED LLP

By: _Vilia B. Hayes_

Vilia B. Hayes (509039)
Robb W. Patryk (508020)
Charles W. Cohen (510453)

One Battery Park Plaza
New York, New York  10004-1482
(212) 837-6000

*Attorneys for Defendant Merck & Co., Inc.*

# EXHIBIT A



81-1401.01 (Rev. 10/03) ECC

**TIOGA County Clerk**
**Oswego, New York**

Application of INDEX NUMBER
Pursuant to Section 8018 C.P.L.R.

APPLICANT MUST PRINT OR
TYPE ALL THREE SECTIONS

| INDEX NUMBER |
|---|
| **35798** |
| [ ] THIRD PARTY ACTION |

FEE $210.00

## TITLE OF ACTION OR PROCEEDING

<u>SUPREME</u> Court, Tioga County

**FILED**

Date: MAY 0 7 2007
TIOGA CO. CLERK'S OFFICE
OWEGO, NEW YORK

TERRIE J. WATKINS, Individually,

v.

MERCK & CO., INC.

Type of Action

NEGLIGENCE

### TO BE COMPLETED BY APPLICANT

**TYPE OF ACTION**

| | | |
|---|---|---|
| □ TAX CERTIORARI | □ FORECLOSURE | □ NAME CHANGE |
| □ MENTAL HYGIENE | □ INFANTS COMP | □ SMALL CLAIMS APPEAL |
| □ CONTRACT | □ MALPRACTICE | □ OTHER (SPECIFY) |
| □ EX PARTE APP | ■ TORT | |

Brian A. Goldstein, The Barnes Firm, P.C., Buffalo, NY 14202
Name and Address of Attorney for Plaintiff or Petitioner

Name and Address of Attorney for Defendant or Respondent

✓

# Affidavit of Process Server

### STATE OF NEW YORK SUPREME COURT: COUNTY OF TIOGA
(NAME OF COURT)

| TERRIE J. WATKINS | vs MERCK & CO., INC. | 35798 |
|---|---|---|
| PLAINTIFF/PETITIONER | DEFENDANT/RESPONDENT | CASE NUMBER |

I _____, being first duly sworn, depose and say: that I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to perform said service.

Service: I served _____ MERCK & CO., INC. _____
NAME OF PERSON / ENTITY BEING SERVED

with (list documents) _____ SUMMONS AND COMPLAINT _____

by leaving with  Connie Boylan  Merck Legal Dept  At
NAME    RELATIONSHIP

☐ Residence _____
ADDRESS                CITY / STATE

☑ Business ONE MERCK DRIVE          WHITEHOUSE STATION, NJ 08889
ADDRESS                CITY / STATE                    **FILED**

On  5-14-07          AT  11:00 AM          **MAY 23 2007**
DATE                TIME                      TIOGA CO. CLERK'S OFFICE
                                              OWEGO, NEW YORK

Thereafter copies of the documents were mailed by prepaid, first class mail on _____
                                                                              DATE

from _____
CITY        STATE        ZIP

**Manner of Service:**
☐ **Personal:** By personally delivering copies to the person being served.
☐ **Substituted at Residence:** By leaving copies at the dwelling house or usual place of abode of the person being served with a member of the household over the age of _____ and explaining the general nature of the papers.
☑ **Substituted at Business:** By leaving, during office hours, copies at the office of the person/entity being served with the person apparently in charge thereof.
☐ **Posting:** By posting copies in a conspicuous manner to the front door of the person/entity being served.

**Non-Service:** After due search, careful inquiry and diligent attempts at the address(es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

☐ Unknown at Address    ☐ Moved, Left no Forwarding    ☐ Service Cancelled by Litigant  ☐ Unable to Serve in Timely Fashion
☐ Address Does Not Exist  ☐ Other _____

**Service Attempts:** Service was attempted on: (1) _____ (2) _____
                                              DATE    TIME        DATE    TIME

(3) _____ (4) _____ (5) _____
DATE    TIME        DATE    TIME        DATE    TIME

**Description:** Age 50 Sex F Race W Height 5'0" Weight 160 Hair Blk Beard ___ Glasses ___

X _____
SIGNATURE OF PROCESS SERVER

SUBSCRIBED AND SWORN to before me this  15  day of  May  2007

**STEPHEN P. LEONIY**
**NOTARY PUBLIC OF NEW JERSEY**
**Commission Expires 2/13/2009**

_____
SIGNATURE OF NOTARY PUBLIC

NOTARY PUBLIC for the state of  NEW JERSEY



05/14/2007 12:09 FAX 2673052965       LEGAL                                           ☒024
MAY-14-2007  11:12          LEGAL DEPT                                                  P.03

STATE OF NEW YORK
SUPREME COURT : COUNTY OF TIOGA
*****************************************

TERRIE J. WATKINS, Individually,
8873 W. Creek Road
Berkshire, New York 13736                        **SUMMONS**          **35798**

                    Plaintiffs,

            vs.

MERCK & CO., INC.
One Merck Drive, P.O. Box 100
Whitehouse Station, New Jersey 08889-0100                **FILED**

                    Defendant.                            **MAY 0 7 2007**
*****************************************            TIOGA CO. CLERK'S OFFICE
                                                       OWEGO, NEW YORK
**TO THE ABOVE NAMED DEFENDANTS:**

            **YOU ARE HEREBY SUMMONED** and required to serve upon plaintiffs' attorneys

an answer to the complaint in this action within twenty (20) days after the service of this

summons, exclusive of the day of service, or within thirty (30) days after service is complete if

this summons is not personally delivered to you within the State of New York.  In case of your

failure to answer, judgment will be taken against you by default for the relief demanded in the

complaint.

            The basis of the venue designated is the residence of the plaintiff, namely, the

County of Tioga and State of New York.                   **RECEIVED**

DATED:      Buffalo, New York
            May 4, 2007                                   MAY 1 4 2007

                                                          LEGAL DEPT.
                        Yours, etc.,

                        **THE BARNES FIRM, P.C.**

            By:
                        Brian A. Goldstein, Esq.
                        Attorneys for Plaintiff
                        17 Court Street, 7th Floor
                        Buffalo, New York 14202-3290
                        (716) 854-2020

                                                          **ENDORSE**

05/14/2007 12:09 FAX 2673052965          LEGAL                                      ☑025
MAY-14-2007  11:12      LEGAL DEPT                                                 P.04

STATE OF NEW YORK
SUPREME COURT  :  COUNTY OF TIOGA
**********************************************

TERRIE J. WATKINS, Individually,

               Plaintiff,

v.

MERCK & CO., INC.,

             Defendant.

***********************************************

**FILED**

**MAY 0 7 2007**

TIOGA CO. CLERK'S OFFICE
OWEGO, NEW YORK

**COMPLAINT**

**35798**

**JURY TRIAL DEMANDED**

Plaintiff **Terrie J. Watkins** (alternatively referred to as "Plaintiff"), residing at 8873 W.

Creek Road, Berkshire, New York 13736, in the county of Tioga, by and through her

undersigned attorneys, hereby sues the defendant, MERCK & CO., INC., (hereinafter referred

to as "Merck" or "Defendant"), which has its principal place of business at One Merck Drive,

P.O. Box 100, Whitehouse Station, New Jersey 08889-0100, and alleges as follows:

### GENERAL BACKGROUND AND OVERVIEW OF CLAIMS

    1.  This is an action for damages suffered by Plaintiff as a direct and proximate

result of the Defendant's negligent and wrongful conduct in connection with the design,

development, manufacture, testing, packaging, promoting, marketing, distribution, labeling,

and/or sale of the pharmaceutical product known as Fosamax (hereinafter referred to as

"Fosamax" or "the subject product").

    2.  At all times material hereto, Defendant designed, developed, manufactured,

tested, packages, promoted, marketed, distributed, labeled, and/or sold Fosamax for the

prevention and treatment of osteoporosis as well as the treatment of Paget's disease.

RECEIVED

MAY 1 4 2007
1
LEGAL DEPT.

RECEIVED

MAY 1 4 2007

L. ENDORSED

3.  As a result of the defective nature of Fosamax, those persons who were prescribed and ingested Fosamax, including Plaintiff, have suffered and continue to suffer severe and permanent injuries, including osteonecrosis of the jaw.

4.  Osteonecrosis of the jaw is a serious medical event and can result in severe disability and death.

5.  Defendant knew of the significant risk of dental and oral complications caused by ingestion of Fosamax, but Defendant did not adequately and sufficiently warn consumers, including Plaintiff, or the medical community, of such risks.

6.  Defendant failed to conduct adequate post-marketing surveillance of Fosamax after it began marketing, advertising, distributing and selling the product.

7.  Consumers, including Plaintiff, who have used Fosamax for treatment of osteoporosis, have several alternative safer products available to treat this condition.

8.  As a result of Defendant's actions, Plaintiff and her prescribing physicians were unaware, and could not have reasonably known or have learned through reasonable diligence, that Plaintiff had been exposed to the risks identified in this complaint, and that those risks were the direct and proximate result of Defendant's acts, omissions, and misrepresentations.

9.  As a direct result, Plaintiff was prescribed and ingested Fosamax and has been permanently and severely injured.  Plaintiff requires and will require ongoing medical care and treatment.

10. Consequently, Plaintiff seeks actual and punitive damages for her injuries resulting from her ingestion of Fosamax, which has caused and will continue to cause Plaintiff to suffer pain, mental anguish and other injuries, as well as to incur significant expenses.

## JURISDICTION AND VENUE

11.    Plaintiff TERRI J. WATKINS is and at all times relevant was a citizen of the State of New York and a resident of the County of Tioga. Plaintiff's ingestion of the pharmaceutical drug Fosamax, and the tortious harm resulting from that ingestion occurred in the State of New York and the County of Tioga. Based upon the extent of tortious harm, plaintiff is entitled to damages in excess of $75,000 exclusive of interests and costs.

12.    Merck, is a New Jersey corporation operating its principle place of business in Whitehouse, New Jersey and which at all times relevant does transact regular business within the State of New York and the County of Tioga including but not limited to the marketing of the pharmaceutical drug Fosamax. Plaintiff accordingly submits that (1) this civil action may be subject to removal premised on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) and (2) should defendants exercise this right to removal that this action is appropriate for referral to the pending Multidistrict Litigation *In re Fosamax Product Liability Litigation*, MDL-1789 (S.D. N.Y. 2006) accompanied by a stay of proceedings pending that referral.

### . PARTIES

13.    Plaintiff Terrie J. Watkins is a resident of Berkshire, NY, in the County of Tioga,

14. The Defendant, Merck & Co., is a New Jersey corporation, which has its principal place of business in Whitehouse, New Jersey.

15. At all times material hereto, the Defendant, Merck & Co., was engaged in the business of designing, developing, manufacturing, testing, packaging, promoting, marketing, distributing, labeling, and/or selling Fosamax.

16. Defendant is, and was at all relevant times, duly authorized to conduct business in the State of New York.

3

17. Defendant, either directly or through its agents, servants, and employees, regularly solicits and transacts business within the State of New York.

18. Defendant, at all relevant times, has sold and distributed Fosamax in the State of New York for use in the treatment of osteoporosis or the prevention of osteoporosis.

19. Defendant derives substantial revenue from goods used or consumed in the State of New York.

20. Defendant expected, or should have expected, that its actions could or would have consequences within the State of New York.

### SUBSTANTIVE ALLEGATIONS

21. In September 1995, Fosamax was approved for marketing and sale in the treatment of osteoporosis and Paget's disease.

22. Fosamax falls within a class of drugs known as bisphosphonates, which are used for treating bone conditions such as osteoporosis and Paget's disease. Other drugs within this class such as Aredia and Zometa are also used as chemotherapy and as adjunct chemotherapy but are not indicated for use in non-cancerous conditions such as osetoporosis.

23. There are two classes of bisphosphonates; the N-containing (nitrogenous) and non-N-containing (non-nitrogenous) bisphosphonates. The nitrogenous bisphophonates include the following: pamidronate (Aredia); ibandronate (Bondronat); and alendronate (Fosamax). The non-nitrogenous bisphosphonates include the following: etridonate (Didronel); clodronate (Bonefos and Loron); and tiludronate (Skelid). Alendronate, like the others, contains a nitrogen atom, whereas etridonate, clodronate, and tiludronate do not. The Physician's Desk Reference ("PDR") listing for Fosamax confirms that the molecule contains a nitrogen atom.

24. Recent studies report the frequent and common occurrence of osteonecrosis of the jaw within the nitrogenous bisphosphonates used for chemotherapy.

4

05/14/2007 12:11 FAX 2673052965        LEGAL                      ☑029
MAY-14-2007  11:13       LEGAL DEPT                               P.03

25. Shortly after Defendant began selling Fosamax, reports of osteonecrosis of the jaw and other dental complications among users began surfacing, indicating that Fosamax shared the class effects of the other nitrogenous bisphosphonates.

26. Merck knew or should have known that bisphosphonates, including Fosamax, inhibit endothelial cell function. Similarly, Merck new or should have know that bisphosponates also inhibit vascularization of the affected area and induce ischemic changes specific to patients mandibles (lower jaws) and maxillac (upper jaws) and that these ischemic changes appear to be cumulative in nature.

27. Merck also knew or should have known that these factors combine to create a compromised vascular supply in the affected area. As a result, a minor injury or disease can develop into a non-healing wound. That in turn can progress to widespread necrosis (bone death) and osteomyelitis (inflammation of bone marrow).

28. As with its reported and acknowledged side effects concerning irritation, erosion, and inflammation of the upper gastrointestinal tract, Merck knew or should have known that Fosamax, as a nitrogenous bisphosphonate, shared a similar adverse event profile to the other nitrogenous bisphosphonates.

29. Despite this knowledge, Defendant failed to implement further study of the risk of osteonecrosis of the jaw relative to Fosamax. Rather than evaluating and verifying the safety of Fosamax with respect to osteonecrosis of the jaw, Defendant proposed further uses of Fosamax, such as Fosamax-D, and sought to extend the exclusivity period of Fosamax through 2018.

30. While Fosamax, which remains in the body for years after ingestion, might help bone density in some people, experts now say its benefits for preventing bone fracture are minimal. Additionally, if taken over long periods of time, the drug can make bones more brittle and increase the risk of fracture.

5

05/14/2007 12:11 FAX 2673052965        LEGAL                                    ☒030
MAY-14-2007  11:13          LEGAL DEPT                                          P.09

31. Dentists are now being advised by state dental associations to refrain from using any invasive procedure (such as drilling a cavity) for any patient taking Fosamax.

32. Rather than warn patients and the medical community, and despite knowledge by Defendant of increased risk of osteonecrosis of the jaw on patients using Fosamax, Defendant continued and continues to defend and aggressively market Fosamax, which downplaying any unfavorable findings and overstating its benefits.

33. Fosamax is now the world's top-selling bisphosphonate and Defendant's second-best selling drug, with more than 22 million prescriptions in 2005 amounting to $3.2 billion in sales.

**Plaintiff's Use of Fosamax**

34. Plaintiff Terrie J. Watkins was prescribed and took Fosamax from in or about November 4, 1999 through on or about May 19, 2006.

35. Plaintiff used Fosamax as prescribed and for the purpose and in the manner for which it was normally intended.

36. Plaintiff could not by the exercise of reasonable care discovery the defective nature and perceive the danger of Fosamax.

37. As a direct and proximate result of using Fosamax, Plaintiff was diagnosed with osteonecrosis of the jaw on or about May 19, 2006.

38. Plaintiff, as directed and proximate result of using Fosamax, suffered severe mental and physical pain and suffering and has sustained permanent injuries and emotional distress.

39. Plaintiff would not have used Fosamax had Defendant properly disclosed the risks associated with the drug.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST
### DEFENDANT, PLAINTIFF ALLEGES:

#### Negligence

40. The foregoing paragraphs of this Complaint are re-alleged and incorporated by reference.

41. Defendant had a duty to consumers, including Plaintiff, to exercise reasonable care when designing, manufacturing, marketing, advertising, distributing, and selling Fosamax.

42. Defendant failed to exercise due care under the circumstances, and therefore breached its duty to Plaintiff.

43. Defendant's negligent acts and omissions, either directly or through its agents, servants, and employees, include, but are not limited to the following:

        a.    Designing, manufacturing, marketing, advertising, distributing, and selling Fosamax to consumers, including Plaintiff, without an adequate warning of the dangerous risks of Fosamax and without proper instructions to avoid harm caused by Fosamax

        b.    Failing to exercise due care when advertising and promoting Fosamax; and

        c.    Failing to exercise ordinary care by conducting appropriate post-market testing and surveillance of Fosamax.

44. Although Defendant knew, or should have known, of Fosamax's adverse effects Defendant has continued to negligently manufacture, market, advertise, distribute, and sell Fosamax to consumers, including Plaintiff, so as to maximize sale and profits at the expense of public health and safety in knowing, conscious and deliberate disregard of the foreseeable harm caused by the subject product.

7

45. Defendant knew, or should have known, that consumers, including Plaintiff would suffer injuries as a result of Defendant's failure to exercise ordinary care.

46. As a direct and proximate result of the Defendant's negligence and other wrongdoing and actions of Defendant described herein, Plaintiff has sustained serious and permanent injuries, and will continue to suffer injury, harm, and economic loss.

WHEREFORE, Plaintiff Terrie J. Watkins, demands judgment against Defendant for compensatory and punitive damages, together with interest, costs of suit, attorneys' fees and all such other relief as the Court deems proper.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT, PLAINTIFF ALLEGES:

### Strict Liability -- Failure to Warn

47. The foregoing paragraphs of this Complaint are re-alleged and incorporated by reference.

48. Defendant designed, tested, manufactured, marketed, sold and/or distributed Fosamax. As such, it had a duty to warn the using public, including Plaintiff, of the health risks associated with using the subject product.

49. The subject product was under the exclusive control of Defendant and was unaccompanied by appropriate warnings regarding the health risks associated with its use, including osteonecrosis of the jaw. The warnings given did not accurately reflect the risk, incidence, symptoms, scope or severity of such injury to the consumer. The promotional activities of Defendant further diluted or minimized the warnings given with the product.

50. The subject product was defective and unreasonably dangerous when it left the possession of the Defendant in that it contained warnings insufficient to alert Plaintiff to the dangerous risks and reactions associated with it, including, but not limited to osteonecrosis of the jaw. Even though Defendant knew or should have known of the risks and reactions

8

05/14/2007 12:12 FAX 2673052965        LEGAL        ☑033
MAY-14-2007   11:14        LEGAL DEPT        P.12

associated with the subject product, it still failed to provide warnings that accurately reflected the signs, symptoms, incidence, scope, or severity of these risks.

51. Plaintiff used the subject product for its intended purpose, i.e. for the prevention or treatment of osteoporosis.

52. Plaintiff could not have discovered any defect in the subject product through the exercise of reasonable care.

53. Plaintiff would not have used Fosamax had Defendant properly disclosed the risks associated with the drug.

54. Defendant, as a manufacturer of pharmaceutical drugs, is held to the level of knowledge of an expert in the field, and further, Defendant had knowledge of the dangerous risks and side effects of the subject product.

55. Plaintiff did not have the same knowledge as Defendant and no adequate warning was communicated to her.

56. Defendant had a continuing duty to warn consumers, including Plaintiff, of the dangers associated with the subject product.  By negligently and/or wantonly failing to adequately warn of the dangers of use of the subject product, Defendant breached its duty.

57. Although Defendant knew of the defective nature of the subject product, they continued to design, manufacture, market, and sell it without providing accurate, adequate, and complete warnings concerning its use so as to maximize sales and profits at the expense of the public health and safety, in knowing, conscious, and deliberate disregard of the foreseeable harm caused by the subject product.

58. As a direct and proximate result of the Defendant's failure to adequately warn or other wrongdoing and actions of Defendant described herein, Plaintiff has sustained serious and permanent injuries, and will continue to suffer injury, harm, and economic loss.

9

WHEREFORE, Plaintiff Terrie J. Watkins, demands judgment against Defendant for compensatory and punitive damages, together with interest, costs of suit, attorneys' fees and all such other relief as the Court deems proper.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT, PLAINTIFF ALLEGES:

#### Strict Liability – Defective Design

59. The foregoing paragraphs of this Complaint are re-alleged and incorporated by reference.

60. Defendant is the manufacturer, seller, distributor, marketer, and/or supplier of the subject product, which is defective and unreasonably dangerous to consumers.

61. The subject product was designed, manufactured, sold, distributed, supplied, marketed, and/or promoted by Defendant, and was expected to reach and did reach consumers, including Plaintiff, without substantial change in the condition in which it was manufactured and sold by Defendant.

62. The subject product was defective in its design and was unreasonably dangerous in that its foreseeable risks exceeded the benefits associated with its design or formulation.

63. Consumers, including Plaintiff, who have used Fosamax for the prevention or treatment of osteoporosis, have several alternative safer products available to treat this condition.

64. Although Defendant actually knew of the defective nature of the subject product, it continued to design, manufacture, market, and sell it so as to maximize sales and profits at the expense of the public health and safety, in knowing, conscious and deliberate disregard of the foreseeable harm caused by the subject product.

65. As a direct and proximate result of the design defects of the subject product, Plaintiff has sustained serious and permanent injuries, and will continue to suffer, injury, harm, and economic loss.

WHEREFORE, Plaintiff Terrie J. Watkins, demands judgment against Defendant for compensatory and punitive damages, together with interest, costs of suit, attorneys' fees and all such other relief as the Court deems proper.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANT, PLAINTIFF ALLEGES:

#### Breach of Express Warranty

66. The foregoing paragraphs of this Complaint are re-alleged and incorporated by reference.

67. Defendant expressly represented to Plaintiff Terrie J. Watkins, other consumers and the medical community that Fosamax was safe and fit for its intended purposes, of merchantable quality, did not product any dangerous side effects, and was adequately tested.

68. Fosamax does not conform to Defendant's express representations because it is defective and unfit for its intended purpose, i.e. it is not safe, has numerous and serious side effects, and causes severe and permanent injuries.

69. The subject product was defective and unreasonably dangerous when it left the possession of the Defendant in that it contained warnings insufficient to alert Plaintiff to the dangerous risks and reactions associated with it, including, but not limited to osteonecrosis of the jaw.

70. At all relevant times Fosamax did not perform as safely as an ordinary consumer would expect, when used as intended or in a reasonably foreseeable manner.

71. Plaintiff Terrie J. Watkins, other consumers and the medical community relied upon Defendant's express warranties.

11

72. As a direct and proximate result of Defendant's express warranties of the subject product, Plaintiff has sustained serious and permanent injuries, and will continue to suffer, injury, harm, and economic loss.

WHEREFORE, Plaintiff Terrie J. Watkins, demands judgment against Defendant for compensatory and punitive damages, together with interest, costs of suit, attorneys' fees and all such other relief as the Court deems proper.

### AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANT, PLAINTIFF ALLEGES:

#### Breach of Implied Warranty

73. The foregoing paragraphs of this Complaint are re-alleged and incorporated by reference.

74. Defendant designed, tested, manufactured, marketed, sold and/or distributed Fosamax.

75. At all relevant times, Defendant knew of the use for which Fosamax was intended and impliedly warranted the product to be safe and fit for such use.

76. Defendant was aware that consumers, including Plaintiff, would use Fosamax for the prevention or treatment of osteoporosis, and knew, or recklessly disregarded, that consumers, including Plaintiff, and the medical community relied upon its judgment and sensibility to only sell Fosamax if it was safe and fit for its intended use.

77. Defendant herein breached its implied warranty to consumers, including Plaintiff; Fosamax was not safe or fit for its intended use.

78. Consumers, including Plaintiff, and the medical community reasonably relied upon Defendant's implied warranty for Fosamax.

79. Fosamax reached Plaintiff without substantial change in the condition in which it was manufactured and sold by Defendant.

12

80. As a direct and proximate result of Defendant's implied warranties of the subject product, Plaintiff has sustained serious and permanent injuries, and will continue to suffer, injury, harm, and economic loss.

WHEREFORE, Plaintiff Terrie J. Watkins, demands judgment against Defendant for compensatory and punitive damages, together with interest, costs of suit, attorneys' fees and all such other relief as the Court deems proper.

### AS AND FOR A SIXTH CAUSE OF ACTION AGAINST DEFENDANT, PLAINTIFF ALLEGES:

#### Common Law Fraud

81. The foregoing paragraphs of this Complaint are re-alleged and incorporated by reference.

82. Defendant falsely and fraudulently represented to the medical community, and to the Plaintiff and the public in general, that Fosamax had been tested and found to be safe and effective for the prevention and treatment of osteoporosis.

83. Defendant knew, or should have known, that its representations were false yet it willfully, wantonly and recklessly disregarded its obligation to provide truthful representations regarding the safety and risks of Fosamax to consumers, including Plaintiff, and the medical community.

84. Defendant's representations were made with the intent of defrauding and deceiving consumers, including Plaintiff, and the medical community, with the intent of encouraging and inducing sales of Fosamax.

85. Defendant knowingly, consciously, and deliberately placed its financial gain above the rights and safety of Plaintiff and other consumers.

86. Defendant's fraudulent representations evinced its callous, reckless, willful, and depraved indifference to the health, safety, and welfare of consumers, including Plaintiff.

13

87. Plaintiff was unaware of the falsity of Defendant's representations and reasonably relied upon Defendant's representations, thereby developing osteonecrosis of the jaw.

88. As a direct and proximate result of Defendant's fraudulent misrepresentation of the subject product, Plaintiff has sustained serious and permanent injuries, and will continue to suffer, injury, harm and economic loss.

WHEREFORE, Plaintiff Terrie J. Watkins, demands judgment against Defendant for compensatory and punitive damages, together with interest, costs of suit, attorneys' fees and all such other relief as the Court deems proper.

## AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST DEFENDANT, PLAINTIFF ALLEGES:

### Punitive Damages

89. The foregoing paragraphs of this Complaint are re-alleged and incorporated by reference.

90. Although Defendant knew or recklessly disregarded the fact that the subject product causes debilitating and potentially lethal side effects, Defendant continued to market the subject product to consumers, including Plaintiff, without disclosing these side effects.

91. Defendant knew of the subject product's defective nature, as set forth herein, but continued to design, manufacture, market, and sell it so as to maximize sales and profits at the expense of the health and safety of the public, including Plaintiff, in conscious and/or negligent disregard of the foreseeable harm caused by the subject product.

92. Defendant intentionally concealed or recklessly failed to disclose to the public, including Plaintiff, the potentially life-threatening side effects of the subject product to ensure their continued and increased sales. This intentional and/or reckless failure to disclose

information deprived Plaintiff of the information necessary for her to weigh the true risks of using the subject product against the benefits.

93. Defendant's aforementioned conduct was committed with knowing, conscious, and deliberate disregard for the rights and safety of consumers such as Plaintiff, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish Defendant and it from similar conduct in the future.

WHEREFORE, Plaintiff Terrie J. Watkins, demands judgment against Defendant for compensatory and punitive damages, together with interest, costs of suit, attorneys' fees and all such other relief as the Court deems proper

### AS AND FOR A EIGHTH CAUSE OF ACTION AGAINST DEFENDANT, PLAINTIFF ALLEGES:

### Violation of G.B.L. §349

94. The foregoing paragraphs of this Complaint are re-alleged and incorporated by reference.

95. Defendant's misrepresentations and concealment of material fact constitute unconscionable commercial practices, deception, fraud, false pretenses, misrepresentation, and/or the knowing concealment, suppression or omission of material facts with the intent that others rely on such concealment, suppression, or omission in connection with the sale and advertisement of Fosamax.

96. Defendant engaged in the deceptive acts and practices alleged herein in order to sell a consumer product, Fosamax, to the public, including Plaintiff.

97. Defendant intentionally concealed facts known to it, as alleged herein, in order to ensure the increased sales of Fosamax.

98. Defendant's conduct, as alleged herein, was likely to mislead a reasonable consumer, such as Plaintiff, acting reasonably under the circumstances to believe that Fosamax was a safe treatment for osteoporosis.

99. As a direct and proximate result of Defendant's actions, Plaintiff has sustained serious and permanent injuries, and will continue to suffer, injury, harm, and economic loss.

WHEREFORE, Plaintiff Terrie J. Watkins, demands judgment against Defendant for compensatory and punitive damages, together with interest, costs of suit, attorneys' fees and all such other relief as the Court deems proper.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Terrie J. Watkins, demands judgment against Defendant as follows:

a. On the First Cause of Action in an amount to be proven at trial including compensatory damages;

b. On the Second Cause of Action in an amount to be proven at trial including compensatory damages;

c. On the Third Cause of Action in an amount to be proven at trial including compensatory damages;

d. On the Fourth Cause of Action in an amount to be proven at trial including compensatory damages;

e. On the Fifth Cause of Action in an amount to be proven at trial including compensatory damages;

f. On the Sixth Cause of Action in an amount to be proven at trial including compensatory damages;

g. On the Seventh Cause of Action in an amount to be proven at trial including compensatory damages;

h. On the Eighth Cause of Action in an amount to be proven at trial including compensatory damages;

05/14/2007 12:14 FAX 2673052965        LEGAL                    ☑041
MAY-14-2007 11:15        LEGAL DEPT                              P.20

i.    The attorneys' fees, costs and disbursements of this action
and legal interest on all damages from date of demand
until paid, and such other and further relief as the Court
deems just, equitable and proper.

### JURY TRIAL DEMAND

Plaintiff Terrie J. Watkins, respectfully demands trial by jury on all issues

presented.

DATED:    Buffalo, New York
          May 4, 2007

                                    THE BARNES FIRM, P.C.

                                    BY: _____
                                    Brian A. Goldstein, Esq.
                                    Attorneys for Plaintiff Terrie J. Watkins
                                    17 Court Street, 7th Floor
                                    Buffalo, New York 14202-3290
                                    (716) 854-2020

17

05/14/2007 12:09 FAX 2673052965        LEGAL                    ☑023
   MAY-14-2007  11:12          LEGAL DEPT                        P.02

Connie Boyle served
  10:30   5-14-07

Ellen Novak
24/7 Investigations
Greentree
Marlton N J 08053

Unknown  856
         889-0842

MAY 14 2007

05/14/2007 12:09 FAX 2673052965          LEGAL                                  ☒022
MAY-14-2007  11:12      LEGAL DEPT                                              P.01


# MERCK & CO., INC.
## LEGAL DEPARTMENT
ONE MERCK DRIVE
P.O. BOX 100
WHITEHOUSE STATION, NJ 08889-0100

TEL: 908-423-3651
FAX: 908-423-3352

DATE:5/14/07

TO: JOANNE CAWLEY/STEPHEN CIPOLLA
COMPANY:

TEL:
FAX:  267 305 2965

FROM:  Joan Dearborn

---

NO. OF PAGES (INCLUDING COVER SHEET:20

---

COMMENTS:

   TERRIE J. WATKINS V.  MERCK & CO., INC., FOSAMAX SUMMONS
   AND COMPLAINT.

   THIS FOSAMAX LAWSUIT WAS SERVED ON CONNIE BOYLE
   TODAY AT 10:20 AM BY ELLEN NOVAK, 24/7 INVESTIGATIONS, 856-
   889-0847 IN LOBBY A, WHITEHOUSE STATION, NJ.  THE ORIGINALS
   WERE SENT TO YOU TODAY VIA INTEROFFICE MAIL.

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL TO WHOM IT IS
ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED OR
CONFIDENTIAL.  IF YOU HAVE RECEIVED THIS COMMUNICATION BY ERROR, PLEASE
NOTIFY US IMMEDIATELY BY TELEPHONE AT 908-423-3651.  THANK YOU.

IF YOU DO NOT RECEIVE ALL PAGES AS INDICATED, PLEASE CALL JOAN DEARBORN
AT 908-423-3651.

# Tioga County Document Report
## Generated 05/25/2007 09:38 AM

| DOCUMENT CLASS | CATEGORY | Commenced | Court Tioga County | Index # | S.U.# |
|---|---|---|---|---|---|
| CIVIL ACTION | TORT | 05/07/2007 | SUPREME | 35798 | |

| Instrument # | Judge's Initials Plaintiff Attorney | Defendant Attorney |
|---|---|---|
| CA003317-001 | THE BARNES FIRM PC | |

| Plaintiff | Defendant |
|---|---|
| WATKINS TERRIE J | MERCK & CO INC |

**Papers Filed**

| DATE | ENTRIES |
|---|---|
| 05/07/2007 | INDEX NUMBER ISSUED, SUMMONS, COMPLAINT, FILED |
| 05/23/2007 | AFFFIDAVIT OF PROCESS SERVER FILED |